# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00225-CR

**Mark Green, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
NO. D-1-DC-10-904077, THE HONORABLE CHARLES F. BAIRD, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted Mark Green of evading arrest with a prior conviction for evading arrest, a state jail felony offense. *See* Act of June 19, 2009, 81st Leg., R.S., ch. 1400, § 4, 2009 Tex. Gen. Laws 4385, 4385–86 (amended 2011) (current version at Tex. Penal Code Ann. § 38.04(a), (b)(1)(A) (West 2011)). The jury found the enhancement paragraphs alleging two previous sequential non-state jail felony convictions to be true and, pursuant to the state jail habitual offender punishment provision of the penal code, assessed Green's punishment at confinement for six years in the Texas Department of Criminal Justice. *See* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 4, 1995 Tex. Gen. Laws 2734, 2734–35 (amended 2011) (current version at Tex. Penal Code Ann. § 12.425 (West 2011)) (providing that at trial of unaggravated state jail felony, defendant shall be punished for second degree felony upon proof of two previous sequential felony convictions).

Green's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75 (1988). Green's counsel provided a copy of the brief to his client and advised Green of his right to examine the appellate record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. No pro se brief or other written response has been filed.

We have conducted an independent review of the record and reviewed counsel's brief. We find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

However, we note that the judgment of conviction contains clerical errors. The record reflects that at the punishment phase of trial Green pled "True" to the allegations contained in the enhancement paragraphs of the indictment. The record further reflects that the jury found the allegations in the enhancement paragraphs to be true. However, the judgment reflects "N/A" as to both the plea and findings regarding the enhancement paragraphs.

This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); Tex. R. App. P. 43.2(b). Accordingly, we modify the judgment to reflect that Green pled

2

"True" to the enhancement paragraphs of the indictment and to reflect that the findings on the enhancement paragraphs were true.[1] *See Britton v State*, No. 02-10-00299-CR, 2011 WL 4345288, at *1 (Tex. App.—Fort Worth Sept. 15, 2011) (mem. op., not designated for publication) (modifying judgment to reflect proper plea to enhancement paragraphs before affirming conviction in frivolous appeal under *Anders*).

As modified, the judgment of conviction is affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Modified and, as Modified, Affirmed

Filed:   December 6, 2012

Do Not Publish

---

[1] We received a supplemental clerk's record containing a nunc pro tunc judgment entered by the trial court in this case. However, Rule 23 of the Texas Rules of Appellate Procedure, which governs nunc pro tunc proceedings in criminal cases, provides that "*unless* the defendant has appealed, a failure to render judgment and pronounce sentence may be corrected at any time by the trial court." *See* Tex. R. App. P. 23.1 (emphasis added); *see also* Tex. R. App. P. 25.2(g) (once record has been filed in appellate court, all further proceedings in trial court are suspended until trial court receives appellate-court mandate). Because this case was appealed by the defendant and the record had been filed in this Court but no mandate yet issued, the trial court did not have authority to enter the nunc pro tunc judgment. Moreover, we note that while the nunc pro tunc judgment corrects the plea and findings relating to the first enhancement paragraph, it fails to correct the plea and findings relating to the second enhancement paragraph.